**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIAN DAIN MCDONALD, | : | Civil No. 3:17-cv-51 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| CRAIG A. LOWE, *et al.*, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner, Julian Dain McDonald, a detainee of the Immigration and Customs

Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords

Valley, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241.  Petitioner challenges his continued detention by ICE pending removal.

(Doc. 1).  Petitioner seeks release pursuant to an order of supervision, or an individualized

bond hearing.  (*Id.* at p. 14).  The Government does not oppose Petitioner's request for a

bond hearing.  (Doc. 5).  For the reasons set forth below, the Court will grant a writ of

habeas corpus directing the Immigration Judge to conduct a bond hearing to determine if

Petitioner is a flight risk or danger to the community.

I.     **Background**

On or about July 21, 2000, Petitioner, a native and citizen of Jamaica, was admitted

to the United States as a lawful permanent resident.  (Doc. 5-1, Ex. 1).

On September 9, 2010, Petitioner was convicted of manufacture, delivery, or

possession with intent to manufacture or deliver a controlled substance in the Bedford

County Pennsylvania Court of Common Pleas. (Doc. 1, pp. 5-6; Doc. 5-1, Ex. 1). *See also*

*Commonwealth v. McDonald*, CP-05-CR-0000328-2009 (Bedford Cty. Ct. Com. Pl.).[1]

Petitioner was sentenced to a six to eleven year term of imprisonment. (*Id.*).

On or about April 6, 2012, based on Petitioner's conviction, ICE commenced removal

proceedings against him charging him as removable from the United States pursuant to 8

U.S.C. § 1227(a)(2)(B)(i) for his conviction of a controlled substances offense, other than an

offense involving possession for one's own use of thirty grams or less of marijuana; 8

U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii) for his conviction of an aggravated felony

controlled substances offense; and, 8 U.S.C. §§ 1101(a)(43)(U), 1227(a)(2)(A)(iii) for his

conviction of an aggravated felony conspiracy offense. (Doc. 5-1, Ex. 1, pp. 1-2).

On May 24, 2013, Petitioner was charged with being subject to removal. (Doc. 5-2,

Ex. 2, Order of the Immigration Judge). Petitioner did not file an appeal, and his removal

order became final thirty days later on June 24, 2013. (*Id.*); *see also* 8 C.F.R. § 1003.39.

On May 3, 2016, Petitioner was released from state custody after serving six years

and nine months of his six to eleven year prison sentence. (Doc. 1, p. 6). On May 3, 2016,

Petitioner entered ICE custody. (*Id.*).

---

[1]     The Court takes judicial notice of the docket sheet in *Commonwealth v. McDonald*, No.
CP-05-CR-0000328-2009, available through Pennsylvania's Unified Judicial Docket System docket
research at: http://ujsportal.pacourts.us/.

Petitioner filed an untimely motion to reopen removal proceedings with the

Immigration Judge. (Doc. 5-3, Ex. 3, July 5, 2016 Order of the Immigration Judge). On July

5, 2016, the Immigration Judge considered the untimely motion, but ultimately denied the

motion. (*Id.*). The Immigration Judge found, *inter alia*, that *sua sponte* reopening was not

warranted because Petitioner remained convicted of an aggravated felony offense, and

therefore remained precluded from establishing his eligibility for cancellation of removal.

(*Id.*). Petitioner filed a timely appeal. (Doc. 5-4, Ex. 4). On November 17, 2016, the Board

of Immigration Appeals ("BIA") affirmed the Immigration Judge's decision and dismissed the

appeal. (*Id.*).

On December 14, 2016, Petitioner filed a petition for review of the BIA's final order of

removal with the United States Court of Appeals for the Third Circuit. *See McDonald v.*

*Attorney General of the U.S.*, No. 16-4323 (3d Cir.). Petitioner also filed a motion for a stay

of his removal. *Id.* The Government opposed the stay of removal. *Id.* On December 14,

2016, the Third Circuit granted a temporary stay of removal, until the Court can fully

consider the motion for stay of removal. *Id.* The petition for review and motion for a stay of

removal remain pending before the Third Circuit. *Id.*

## II.   Discussion

Although Petitioner's removal proceedings were final, the Third Circuit entered an

order staying his removal. Because Petitioner appealed to the Third Circuit, the final order

3

was essentially "revoked" and no final order has yet been entered due to Petitioner's current

pending appeal.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest

of the following ... [i]f the removal order is judicially reviewed and if a court orders a stay of

the removal of the alien, the date of the court's final order."); *see also Leslie v. Attorney*

*General of U.S.,* 678 F.3d 265, 270 (3d Cir. 2012).  Thus, Petitioner is subject to pre-final

order detention, and the Court must determine whether he is entitled to habeas relief in the

nature of his release from the Pike County Correctional Facility pending the outcome of his

immigration proceedings, or to order a bond hearing.  Respondent does not oppose

Petitioner's request for a bond hearing, and argues that the Court should order the

Immigration Judge to conduct a bond hearing.  (Doc. 5, pp. 4-7).

Following Petitioner's 2010 conviction, there did exist a clear legal basis for ICE to

detain him pending the outcome of removal proceedings.  *See Diop v. ICE*, 656 F.3d 221,

230 (3d Cir. 2011).  However, the Courts have cautioned that the constitutionality of

detention is also, at least to some extent, a function of the length of detention.  *See Diop*,

656 F.3d at 232.  Although mandatory detention for some classes of aliens under § 1226(c)

is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.,* 538 U.S.

510, 532, (2003), helps inform the *Diop* Court's emphasis that continued detention can

become unconstitutional unless the government justifies its actions at a hearing designed to

ascertain whether continued detention of the alien is necessary to achieve the law's stated

4

purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. The Court in *Diop* stresses that, at some point, absent an individualized bond hearing, continued detention becomes presumptively unreasonable. *Id.*

Petitioner has now been detained by ICE for approximately nine (9) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *See Diop*, 656 F.3d at 231. Thus, the Court will direct that Petitioner be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community were he to be released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. *See Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following *Diop*, the Middle District Court has ruled that a petitioner, detained for

5

approximately twenty (20) months under § 1226(c), was entitled to release while his appeal

of removal was pending in the immigration court and the Board of Immigration Appeals.

See Gupta v. Sabol, 2011 WL 3897964, *1 (M.D. Pa. 2011).  The Gupta Court stated that

such decisions reflect "a growing consensus within this district and throughout the federal

courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional

concerns." Id. at *2. Thus, although this Court declines to grant the outright release of

Petitioner in advance of a bond hearing, Petitioner's detention does require a bond hearing.

A separate Order shall issue.

Date:  February 23 , 2017

Robert D. Mariani
United States District Judge

6